**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 20-4341**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANCISCO GERMAN RAMIREZ TORRES,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, District Judge.  (5:19-cr-00123-D-2)

─────────────

Submitted:  December 9, 2021                     Decided:  January 7, 2022

─────────────

Before MOTZ and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Dismissed in part, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Leza Lee Driscoll, LAW OFFICE OF LEZA LEE DRISCOLL, PLLC, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Torres pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (Count 1), and possession with intent to distribute 50 grams or more of methamphetamine, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); 18 U.S.C. § 2 (Count 3). The district court sentenced Torres to 151 months' imprisonment and 5 years of supervised release on each count, to run concurrently.

Torres' counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court erred in determining that Torres failed to meet the safety valve criteria pursuant to 18 U.S.C. § 3553(f), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Although informed of his right to do so, Torres has not filed a pro se supplemental brief. The Government moved to dismiss Torres' appeal as barred by the appeal waiver contained in his plea agreement. We grant the Government's motion to dismiss in part, affirm Torres' convictions, vacate his sentence, and remand for resentencing.

We review de novo the validity of an appeal waiver, *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018), and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver," *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Adams*, 814 F.3d at 182. To determine whether a waiver is knowing and voluntary, "we consider the totality

of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Our review of the record confirms that Torres knowingly and voluntarily waived his right to appeal with limited exceptions. Torres waived the right to appeal his conviction, any issue related to the establishment of the Guidelines range, and any sentence within or below that range. The denial of application of the safety valve provision falls squarely within the compass of the appellate waiver. We therefore hold that the waiver is valid and enforceable and grant in part the Government's motion to dismiss.

In imposing Torres' supervised release conditions, the district court failed to announce two discretionary conditions of supervised release that it ultimately included in the written judgment. The district court stated that Torres would be expected to "comply with the mandatory and standard conditions" as well as certain "additional conditions" of supervised release. The additional standard conditions included the terms of release announced by the district court at sentencing and two additional terms requiring that Torres "shall not incur new credit charges or open additional lines of credit without approval of

3

the probation office" and that he "shall provide the probation office with access to any requested financial information."[*]

A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020). This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. In *United States v. Singletary*, we explained that a challenge to discretionary supervised release terms that were not orally pronounced at sentencing falls outside the scope of a plea waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have not been 'imposed' on the defendant." 984 F.3d 341, 345 (4th Cir. 2021). In situations such as Torres', where the district court fails to announce or otherwise incorporate the discretionary conditions of supervised release, the appropriate remedy is to vacate the sentence and remand for a full resentencing hearing. *See id.* at 346 & n.4.

---

[*] The Eastern District of North Carolina has adopted a standing order specifying standard conditions of supervised release that includes these two conditions. *See In re Mandatory and Standard Conditions of Probation and Supervised Release*, 20-SO-8 (E.D.N.C. June 25, 2020), *available at* http://www.nced.uscourts.gov/data/StandingOrders/20-SO-8.pdf. However, this order had not yet been adopted at the time of Torres' June 2, 2020, sentencing.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part, and dismiss the appeal as to all issues within the scope of the waiver. We affirm Torres' convictions, but we vacate his sentence and remand for resentencing. Because we vacate the sentence, we do not address at this juncture any potential issues related to Torres' sentence that might not be encompassed by the plea waiver. *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to original sentence). This court requires that counsel inform Torres, in writing, of the right to petition the Supreme Court of the United States for further review. If Torres requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Torres.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*